IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
TYLER DIVISION

| | | |
|---|---|---|
| EVELYN D JANUARY, | § § § | |
| Plaintiff, | § § | CIVIL ACTION NO. 6:15-CV-01013-RC |
| v. | § § | |
| COMMISSIONER, SOCIAL SECURITY ADMINISTRATION, | § § § § | |
| Defendant. | | |

## ORDER ADOPTING REPORT AND RECOMMENDATION
## OF UNITED STATES MAGISTRATE JUDGE

Plaintiff Evelyn January initiated this civil action pursuant to Social Security Act, Section 205(g) for judicial review of the Commissioner's denial of Plaintiff's application for Social Security benefits. The case was referred to United States Magistrate Judge John D. Love, who issued a Report and Recommendation concluding that the decision of the Commissioner should be affirmed and the action dismissed with prejudice.

The Report and Recommendation of the Magistrate Judge (Dkt. No. 21), which contains his findings, conclusions, and recommendation for the disposition of this action, has been presented for consideration. Plaintiff has filed an objection to the Report and Recommendation (Dkt. No. 22). Specifically, Plaintiff objects to the Magistrate Judge's finding "the ALJ correctly applied the legal standards for weighing the medical evidence and in finding that substantial evidence supports the ALJ's weighing of the medical evidence" *Id.* at 2. Plaintiff argues that the Magistrate Judge failed to consider the legal standard that an ALJ is required to consider and

assess each medical opinion in the record and "adequately articulate the weight given to each of the medical opinions." *Id.* at 3 (citing *Jasper v. Comm'r*, *SSA,* 6:15cv792 (E.D. Tex. Mar. 2017)).

While Plaintiff offers a broad objection regarding the considerations and weight afforded to Dr. Mills's reports, Plaintiff does not point to any alleged "medical opinion" of Dr. Mills that was not afforded proper weight. Medical opinions are defined as "statements from acceptable medical sources that reflect judgments about the nature and severity of your impairment(s), including your symptoms, diagnosis and prognosis, what you can still do despite impairment(s), and your physical or mental restrictions." 20 C.F.R. § 416.927. Here, Dr. Mills's records reflected no opinion about how Plaintiff's symptoms would affect her ability to work or go about daily life, proposed no restrictions on her activities, and offered no insight as to the functional effects of her impairments. *See* Transcript ("Tr.") at 350, 352, 356, 395, 398. Thus, the case is distinguishable from *Jasper*, where an expert who testified at Jasper's hearing opined on how Jasper's impairments affect his ability to function as well as the need for further testing to assess vocational impact and limitations imposed by particular impairments. *Jasper v. Comm'r, SSA*, 6:15-cv-792. Indeed, in both her briefing and objections, Plaintiff did not point to any statements by Dr. Mills that she contends qualify as "medical opinion." Therefore, the Court finds the Magistrate Judge did not err in failing to consider the proper legal standard.

Finally, Plaintiff objects that the Court cannot determine whether substantial evidence supports the ALJ's finding because the ALJ failed to articulate and explain the weight given to each of the medical opinions," again citing *Jasper*. (Dkt. No. 33, at 3.) However, the record reflects that the Magistrate Judge noted the weight given to medical opinions in the record, and also noted that such opinions were supported by objective medical

evidence. (Dkt. No. 21, at 8–11.) As such, the Magistrate Judge did not err in finding the ALJ's findings to be supported by substantial evidence.

Therefore, the Court hereby adopts the findings and conclusions of the Magistrate Judge as the findings and conclusions of the Court. It is accordingly **ORDERED** that the decision of the Commissioner is **AFFIRMED** and the complaint is hereby **DISMISSED WITH PREJUDICE**. It is further **ORDERED** that any motion not previously ruled on is **DENIED**.

So **ORDERED** and **SIGNED** this **8** day of **July, 2017.**

_____
Ron Clark, United States District Judge